IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHIE F. LEVINE, : | |
| : | Case No. 4:07-CV-1453 |
| Plaintiff : | |
| : | |
| v. : | (Judge McClure) |
| : | |
| PENNSYLVANIA STATE POLICE, : | |
| MEGAN'S LAW SECTION, : | |
| UNITED STATES DEPARTMENT : | |
| OF JUSTICE, NEW YORK : | |
| DIVISION OF CRIMINAL : | |
| JUSTICE SERVICES, : | |
| : | |
| Defendants. : | |

M E M O R A N D U M

October 16, 2007

**BACKGROUND:**

On August 7, 2007, plaintiff Richie F. Levine, pro se, filed a complaint pursuant to 42 U.S.C. § 1983 against defendants: 1) Pennsylvania State Police, Megan's Law Section; 2) United States Department of Justice; and 3) New York State Division of Criminal Justice Services. Plaintiff has also filed a motion to proceed in forma pauperis and a motion to appoint counsel. (Rec. Doc. Nos. 2 and 3.)

In his complaint, plaintiff alleges that in 2004, he pled guilty in New York

State to one count of attempted dissemination of indecent material to a minor and was sentenced to five years of probation and required to register as a "Level 1" sex offender. (Rec. Doc. No. 1, at 2.) Plaintiff then moved to Pennsylvania in 2007 and was required to register as a sex offender in Pennsylvania. (Id.) Finally, plaintiff alleges that he is required to register under the federal government's Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16911. Plaintiff is challenging all three registration statutes and has brought claims based on the Equal Protection Clause, Substantive Due Process, Freedom to Associate, Ex Post Facto Clause , and Interstate Commerce Clause. (Id. at 4-10.)

We will grant plaintiff's motion to proceed in forma pauperis. After reviewing plaintiff's complaint as required under 28 U.S.C. § 1915(e)(2)(B), we have determined that the complaint fails to state a claim upon which relief can be granted and will dismiss the complaint.

**DISCUSSION:**

### A.  Legal Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court is required to screen complaints that are filed by an individual who is proceeding in forma pauperis. The court must dismiss a complaint that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In performing the court's screening function under 28 U.S.C. § 1915(e)(2)(B) to determine whether the complaint fails to state a claim upon which relief can be granted, the court will apply the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000). Under this standard, the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Furthermore, the court must consider whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000). A complaint should be dismissed only if the court, from evaluating the allegations in the complaint, is certain that under any set of facts relief cannot be granted. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1994). Additionally, a court may dismiss a claim where there is a "dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989).

### B. Plaintiff's Complaint Fails to State a Claim

Plaintiff has brought claims under 42 U.S.C. § 1983. In order for plaintiff to prevail under 42 U.S.C. § 1983 he must establish two elements: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).

As a preliminary matter, we note that plaintiff has sued several organizations, rather than individuals. We note that these organizations are not considered "persons" and are therefore not subject to suit under § 1983. Still, even if plaintiff had sued individuals rather than governmental entities, we have serious concerns regarding the validity of plaintiff's claims and will proceed to an analysis of those claims to determine if they fail to state a claim upon which relief may be granted.

1. Plaintiff's Equal Protection Claim

Plaintiff has alleged that the registration statutes violate his right to Equal Protection under the Fourteenth Amendment because they create a legal classification to disadvantage a particular group. (Rec. Doc. No. 1, at 4.) The Equal Protection Clause of the Fourteenth Amendment provides that a state shall not "deny to any person within its jurisdiction the equal protection of the laws."

U.S. CONST. amend. XIV, § 1.  This clause requires that states not create a classification that disadvantages a suspect class or impinges upon a fundamental right unless their purpose is narrowly tailored to further a compelling governmental interest.  Plyler v. Doe, 457 U.S. 202, 216-17 (1982).  Similarly, states cannot create a classification that disadvantages a quasi-suspect class unless their purpose is substantially related to an important government interest.  United States v. Virginia, 518 U.S. 515, 533 (1996).  Finally, if no suspect or quasi-suspect class is involved and no fundamental right is burdened, a state may create a classification so long as it is rationally related to a legitimate state interest.  Kimel v. Florida Board of Regents, 528 U.S. 62, 83 (2000).  Furthermore, we note that the Supreme Court has held that the Fifth Amendment imposes on the Federal Government the same standard imposed on states by the Equal Protection Clause of the Fourteenth Amendment.  Weinberger v. Salfi, 422 U.S. 749, 768-770 (1975).

      We begin by noting that sex offenders are not a suspect or quasi-suspect class.  A suspect class or quasi-suspect class is one that has been historically used for discrimination, such as race, national origin, religion, alienage, and gender, and we find that sex offenders do not fall into this category.  Similarly, we believe the registration requirements do not implicate a fundamental constitutional right.  See Artway v. Attorney General of State of N.J., 81 F.3d 1235, 1267-68 (3d Cir. 1996)

(finding that a sex offender registration requirement for "repetitive and compulsive sex offenders" does not implicate a fundamental constitutional right). Therefore, the critical question is whether the statutes in question are rationally related to a legitimate interest. We believe they are. The Third Circuit ruled in <u>Artway</u> that protecting vulnerable individuals from sexual offenses is a legitimate interest. <u>Id.</u> at 1268. Furthermore, requiring the registration of sex offenders is rationally related to that interest. By requiring sex offenders to register, vulnerable individuals are able to have knowledge that a sex offender lives in the area and can take the appropriate precautions in order to protect themselves.

Finally, we note that even if were to find that the statutes in question did implicate a fundamental right and were subject to strict scrutiny, we believe that they are narrowly tailored to serve a compelling state interest. <u>A.A. ex rel M.M. v. New Jersey</u>, 341 F.3d 206, (3d Cir. 2003) (rejecting right to privacy claim because the compelling interest of the prevention of sex offenses outweighed the sex offender's right to privacy); <u>Paul P. v. Farmer</u>, 227 F.3d 98, 107 (3d Cir. 2000) (same). In other words, protection of vulnerable individuals is a compelling state interest and the registration requirement is narrowly tailored to serve that interest. Therefore, we find that the statutes in question do not violate the Equal Protection Clause and will dismiss plaintiff's Equal Protection claim.

2.  Plaintiff's Substantive Due Process Claim

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." The Supreme Court has held that this clause contains both a substantive and procedural component. Planned Parenthood of S.E. Pennsylvania v. Casey, 505 U.S. 833, 846-47 (1992) (quotations omitted).  The substantive component bars states from infringing upon fundamental rights that are deeply rooted in history and tradition unless the infringement is narrowly tailored to serve a compelling state interest.  Washington v. Glucksberg, 521 U.S. 702, 721 (1997).  When fundamental rights are not implicated or infringed, state statutes are reviewed under a rational basis test and upheld if it bears some rational relation to some legitimate end.  Vacco v. Quill, 521 U.S. 793, 799 (1997).  When applying a rational basis test to a statute, there is a presumption that the statute is valid. Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985).  Additionally when applying rational basis, we are "not limited to considering the only goal stated by the legislature" but are "free to consider any conceivable legislative purpose so long as it reasonably could have been entertained by the legislature." Ramsgate Court Townhome Ass'n v. West Chester Borough, 313 F.3d 157, 160 (3d Cir. 2002) (citing Delaware River Basin Comm'n v. Bucks County Water & Sewer

Auth., 641 F.2d 1087, 1096 (3d Cir. 1981).

We believe that because plaintiff alleges that the registration requirements burden the fundamental rights of sex offenders, as opposed to all citizens, this claim is actually an Equal Protection claim.  As discussed in the preceding section, such a claim fails because the registration statutes satisfy rational basis and strict scrutiny consideration.  Therefore, we will dismiss plaintiff's claim that the registration statutes violate plaintiff's substantive due process rights.

C.  Freedom to Associate Claim

Plaintiff alleges a Freedom to Associate claim based on the allegation that defendants have compiled a list of sex offenders "only as a way of intruding on [sex offenders] under the mask of protecting society and children."  (Rec. Doc. No. 1, at 6.)  The Supreme Court has "afforded constitutional protection to freedom of association in two distinct senses."  Bd. of Dirs. of Rotary Int'l v. Rotary Club of Duarte, 481 U.S. 537, 544 (1987).  First, the Court has held that the Constitution protects against unjustified government interference with an individual's choice to enter into and maintain certain intimate or private relationships.  Id.  Second, the Court has upheld the freedom of individuals to associate for the purpose of engaging in protected speech or religious activities.  Id.  Because we do not believe that the registration requirements imposed on plaintiff implicate either type of a

Freedom to Associate claim, we will reject plaintiff's Freedom to Associate claim.

Looking more closely at this section of plaintiff's complaint, it appears that the claim asserted may be a right to privacy claim. Indeed, plaintiff specifically states in this portion of the complaint that the registration requirements intrude on his right to privacy. (Rec. Doc. No. 1, at 6-7.) The Third Circuit has held that New Jersey's Megan's Law does not violate sex offenders' right to privacy because their right to privacy is outweighed by the need to protect the public from sex offenses. A.A. ex rel M.M. v. New Jersey, 341 F.3d 206, (3d Cir. 2003); Paul P. v. Farmer, 227 F.3d 98, 107 (3d Cir. 2000). Because we see no meaningful distinction in the manner in which New Jersey's registration statute and the three registration statutes in the instant case would affect an individual's right to privacy, we reject plaintiff's privacy claim.

D.  Ex Post Facto Claim

Plaintiff's Ex Post Facto claim is that the registration statutes in the instant case punish him for conduct that occurred before the law existed. (Rec. Doc. No. 1, at 7-8.) The Supreme Court held in Smith v. Doe that Alaska's internet sex offender registry was not punitive and its retroactive application therefore did not violate the Ex Post Facto Clause. 538 U.S. 84, 105-06 (2003). Again, we see no meaningful distinction between Alaska's statute and the three registration statutes

in the instant case and we therefore believe that <u>Smith v. Doe</u> disposes of plaintiff's Ex Post Facto claim.

E.  Interstate Commerce Clause Claim

Plaintiff's final claim is that the SORNA, the federal government's national sex offender registry law, violates the Commerce Clause.  SORNA conditions federal funds upon the states' enforcement of sex offender registration programs. <u>United States v. Knapp</u>, 487 F.Supp.2d 536, 539 (M.D.Pa. 2007) (Kane, C.J.). Furthermore, SORNA requires sex offenders to register with the national registry and imposes criminal sanctions for individuals required to register under SORNA, who travel in interstate commerce, and knowingly fail to register or update their registration.  <u>Id.</u> (citing 18 U.S.C. § 2250(a)).

The United States Constitution delegates to Congress the power "[t]o regulate Commerce . . . among the several States."  Art. I, § 8, cl. 3.  The Supreme Court has stated that Congress has the authority to regulate three categories of activity: 1) use of channels of interstate commerce; 2) instrumentalities of interstate commerce; and 3) activities that substantially affect interstate commerce. <u>United States v. Lopez</u>, 514 U.S. 549, 558-559 (1995).

In <u>United States v. Madera</u>, a district court in Florida ruled that SORNA did not violate the Commerce Clause because the purpose or SORNA was to protect

the public from sex offenders and the ability to track sex offenders as they travel from state to state is enough to bring the statute within reach of the Commerce Clause.  474 F.Supp.2d 1257, 1265 (M.D.Fla. 2007).  We agree with Madera that the statute does not violate the Commerce Clause.  SORNA simply encourages (by conditioning the receipt of federal funds), rather than requires, states to enforce sex offender registration programs.  Furthermore, criminal sanctions are only imposed when a sex offender travels in interstate commerce without registering.  Therefore, we believe that SORNA does not violate the Commere Clause and will dismiss this portion of the complaint.

### C.  Leave to Amend and Appointment of Counsel

Having found that plaintiff has failed to state a claim upon which relief may be granted with respect to each of the claims alleged in the complaint, we now consider whether the complaint should be dismissed or whether plaintiff, who is proceeding pro se, should be granted leave to amend.  Pro se plaintiffs should be given the opportunity to amend their complaints unless it clearly appears that the deficiency cannot be overcome by amendment.  Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981).  One reason to deny leave to amend is if amendment would be futile.  In Re Burlington Coat Factory Sec. Litig., 144 F.3d 1410, 1434 (3d Cir. 1997).  We believe the instant case is one in which amendment would be futile.

We see no way that plaintiff would be able to amend his complaint in order to state a claim based on the registration statutes. Therefore, we will dismiss the complaint without granting plaintiff an opportunity to amend.

On a final note, plaintiff has filed a motion for appointment of counsel. (Rec. Doc. No. 3.) In light of the fact that we find plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief can be granted and because leave to amend would be futile, we see no reason to appointment counsel in this case. Therefore, plaintiff's motion for appointment of counsel is denied.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHIE F. LEVINE, | : | |
| | : | Case No. 4:07-CV-1453 |
| Plaintiff | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| PENNSYLVANIA STATE POLICE, | : | |
| MEGAN'S LAW SECTION, | : | |
| UNITED STATES DEPARTMENT | : | |
| OF JUSTICE, NEW YORK | : | |
| DIVISION OF CRIMINAL | : | |
| JUSTICE SERVICES, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

October 16, 2007

For the reasons set forth in the accompanying memorandum,

IT IS ORDERED THAT:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED. (Rec. Doc. No. 2.)

2. Plaintiff's motion for appointment of counsel is DENIED. (Rec. Doc. No. 3.)

3. Plaintiff's complaint is dismissed for failure to state a claim upon

  which relief may be granted.  (Rec. Doc. No. 1.)

4. The clerk is directed to close the case file.

5. Any appeal from this order is not taken in good faith.


       <u>s/ James F. McClure, Jr.</u>
       James F. McClure, Jr.
       United States District Judge